# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3091

———————

Robert Riggs,

   Appellant,

  v.

Kansas City Missouri Public
School District,

   Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri

———————

Submitted: May 10, 2004
Filed: October 20, 2004

———————

Before MORRIS SHEPPARD ARNOLD, McMILLIAN and MELLOY,
  Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Robert Riggs appeals from a final judgment entered in the District Court for the Western District of Missouri[1] in favor of the Kansas City, Missouri, Public School District (District) on his employment discrimination claims. Riggs argues that the district court erred in granting summary judgment in favor of the District on his

———————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

discriminatory discharge claim and erred in failing to grant his motion for a new trial on his discriminatory promotion claim. We affirm.

Riggs, an Asian-American, worked for the District from 1991 until his discharge in December 2001. From 1991 to 1998, he recruited students for magnet programs and in worked in public relations. In 1998, Riggs became a staffing specialist in the human resources department. In August 2000, Cynthia Clegg, executive director of the human resources department, appointed Riggs to the position of director of recruiting and staffing in the department.

In April 2001, the District had lost state accreditation and then-Superintendent Benjamin Demps and several members of his staff, including Clegg, resigned. On April 23, 2001, the school board appointed Dr. Bernard Taylor, an African-American, as interim superintendent. Taylor had worked for the District since August 2000 as executive director for school leadership. In that position, he worked with Brenda Thomas, an African-American employee relations manager, and was impressed with her work. Believing he had to fill staff positions as quickly as possible, on April 24, 2001, Taylor appointed Thomas as interim executive director of the human resources department. Because the job was an interim position and because of his positive prior working relationship with Thomas, Taylor did not consider anyone else for the position.

In July 2001, the District advertised for a permanent executive director of the human resources department, stating, among other things, that a bachelor of arts degree (BA) in human resources, public or business administration, or a related field was required. Riggs, who had a BA in business administration, and Thomas, who had a BA in English, both applied. A week later, Taylor decided not to fill the permanent position and allowed Thomas to remain as interim director. As interim director, Thomas was Riggs's supervisor. She began receiving complaints about his performance and was concerned that Riggs was not following her directives. On

August 17, 2001, Thomas gave Riggs a written warning. Thomas noted that in May 2001 she had spoken with him about the necessity of producing a staffing and recruitment procedures manual, and that despite her repeated requests for the manual, Riggs had failed to produce one and had improperly delegated the assignment to a subordinate. Thomas warned that failure to correct the problem would result in further disciplinary action.

After the warning, Thomas continued to receive complaints about Riggs. A staffing coordinator complained that Riggs lacked leadership skills. Two employees reported that Riggs had discussed Thomas's academic record with them, opining that she was not qualified for her position. Co-workers complained that Riggs had improperly shared personal information about them with other employees. A consultant for a new teacher project complained that Riggs failed to cooperate with her. On December 31, 2001, Thomas terminated Riggs for, among other things, failure to follow directives, failure to comply with the written warning, and unwillingness to provide assistance or direction to his staff.

In February 2002, Riggs filed a complaint in the district court, alleging that he was not promoted to the position of executive director of human resources and was discharged because he was Asian, in violation of Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and state law. The District filed a motion for summary judgment on both claims. The district court granted the District's motion on the discharge claim. The district court held that Riggs had failed to establish a prima facie case and, in any event, had failed to produce evidence that the District's reasons for discharging him were a pretext for race discrimination.

The district court, however, denied the District's motion as to the promotion claim. At trial, the district court offered Riggs the opportunity to present a mixed-motive jury instruction, but Riggs declined. With no objection, the district court gave Riggs's proffered instruction, which instructed the jury to find for Riggs if it found

that race was a "determining factor" in the District's decision not to promote Riggs. The jury found in favor of the District. After the verdict, the Supreme Court, in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) (Desert Palace), held that a Title VII plaintiff need not present direct evidence in order to obtain a mixed-motive jury instruction. Relying on Desert Palace, Riggs moved for a new trial. The district court denied the motion, noting it had offered Riggs the opportunity to submit a mixed-motive instruction, but that he had declined.

**DISCUSSION**

Riggs first argues that the district court erred in granting summary judgment on his discharge claim. We review the grant the district court's grant of summary judgment de novo. Trammel v. Simmons First Bank, 345 F.3d 611, 612 (8th Cir. 2003) (Trammel). We agree with the district court that under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (McDonnell Douglas), burden-shifting analysis, Riggs failed to present a prima facie case of discrimination on his discharge claim. Among other things, he did not present facts that he was "meeting the legitimate expectations of [his] employer." Cherry v. Ritenour Sch. Dist., 361 F.3d 474, 478 (8th Cir. 2004). Riggs does not dispute that his subordinates had complained about him, that he discussed Thomas's academic record with employees, or that he failed to provide Thomas with the procedures manual that she had requested.

Even if Riggs had presented a prima facie case, he failed to present evidence that the District's proffered reasons for his termination were a pretext for discrimination.[2] He did not show that "the proffered explanation had no basis in fact[,]" that similarly situated African-American employees "received more favorable

---

[2]We have observed that "[i]n many cases the employer's proffered reason is that the employee was not performing the job satisfactorily, which is simply the negative of one of the elements of the prima facie case." Erickson v. Farmland Indus., Inc., 271 F.3d 718, 726 (8th Cir. 2001).

treatment[,]" or that it was "unlikely that [the District] would have acted on the basis of the proffered reason" in the absence of discrimination.  Erickson v. Farmland Indus., Inc., 271 F.3d 718, 727 (8th Cir. 2001) (internal quotation omitted).

Riggs argues that he presented sufficient "[e]vidence of a discriminatory attitude in the workplace to show that the [District's] proffered explanation for the action was not the true reason for the discharge."  Id.  We disagree.  Riggs notes he presented evidence that during former superintendent Demps's tenure, Demps, the school board and a community activist had expressed preferences that African-Americans be appointed to "top spots."  Although in his opening brief he asserts that Taylor was aware of the District's "unwritten rules," he offers no evidentiary support for the proposition.  In any event, Thomas, not Taylor, made the decision to terminate Riggs. In addition, even if the previous administration had expressed a preference to appoint African-Americans to prominent positions, such evidence would not raise an inference that the District's legitimate reason for discharging Riggs from a less prominent position was a pretext for race discrimination.  We also note that Riggs presented evidence of the District's alleged preference for appointing African-Americans to "top spots" to the jury in his promotion claim, but that the jury found against him.

Riggs also argues that Thomas discharged him to eliminate him as competition for the position of executive director of the human resources department, asserting, as he did in his promotion claim, that he was the better qualified candidate.  His argument is without merit. Even if Thomas had discharged Riggs to eliminate him from competition, such action would not show that she discharged him because of race.  In addition, as the district court noted, Riggs's argument makes little sense.  If, as he argues, the District would only appoint an African-American to fill the executive director of human resources position, Thomas would not have needed to discharge Riggs, since he was not an African-American.  Nor, in the facts of this discharge case, did the timing of his discharge, which he notes was four and one-half

months after he applied for the position, raise an inference that he was fired on account of his race. Cf. Kiel v. Select Artifiacts, Inc., 169 F.3d 1131, 1136 (8th Cir.) (en banc) (in retaliation claim, "[g]enerally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation"), cert. denied, 528 U.S. 818 (1999).

We also reject Riggs's argument that this court should reverse the district court's grant of summary judgment in light of Desert Palace. As previously noted, in that case, the Supreme Court held that a plaintiff need not present direct evidence in order to receive a mixed-motive instruction. 539 U.S. at 101. In this case, we need not decide whether Desert Palace has altered the burden-shifting analysis of McDonnell Douglas. As to his discharge claim, Riggs "has provided no evidence, direct or circumstantial, from which a reasonable jury could logically infer that [race] was a motivating factor in [his] termination." Allen v. City of Pocahontas, 340 F.3d 551, 557 n.5 (8th Cir. 2003), cert. denied, 124 S. Ct. 1420 (2004); see also Trammel, 345 F.3d at 615 ((Desert Palace did not help plaintiff "because he has presented insufficient evidence to support a finding that age was a 'motivating factor' in the decision to discharge him").

Nor, as Riggs argues, did the district court err in denying his motion for a new trial on his promotion claim in light of Desert Palace. As the district court held, Riggs waived review of the issue. Cf. Daggit v. United Food & Commercial Workers Int'l., Union 304A, 245 F.3d 981, 985 (8th Cir. 2001) (where party waives objection to instruction, reversal warranted only in exceptional case "where error seriously affected fairness, integrity, or public reputation of judicial proceedings") (internal quotation omitted). At the instruction conference, Riggs's counsel expressly declined the district court's offer to give a mixed-motive factor. Contrary to Riggs's argument, this is not an exceptional case warranting reversal.

Accordingly, we affirm the judgment of the district court.

_____